**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 09-20-DLB**

**WILLIAM COLLINS**                                                                                          **PLAINTIFF**


vs.                          **MEMORANDUM OPINION & ORDER**


**MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION**                                                **DEFENDANT**

\*     \*     \*     \*     \*     \*     \*

This action was brought pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 24, 2005, Plaintiff William Collins, protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income.  (Tr. 435-41; 753-59).  At the time of filing, Plaintiff was 30 years old and alleged a disability onset date of October 1, 2002.  (Tr. 761).  He alleges that he is unable to work due to back and leg pain, numbness in his lower extremities, and depression.  (Tr. 420, 761).  His application was denied initially on July 29, 2005, and on reconsideration on October 6, 2005.  (Tr. 420-23; 426-28).  At Plaintiff's request, an administrative hearing was conducted on June 16, 2004.  (Tr. 860-76).  On March 30, 2007, Administrative Law Judge

1

(ALJ) Joan A. Lawrence ruled Plaintiff was not disabled and therefore not entitled to benefits. (Tr. 777-88). The Appeals Council granted Plaintiff's request for review and vacated the ALJ's decision on September 28, 2007, remanding the case for further administrative proceedings. (Tr. 811-13).

A supplemental hearing was held on March 20, 2008. (Tr. 901-28). On reassignment, ALJ Frank Letchworth, determined Plaintiff was not disabled and issued an unfavorable decision on April 23, 2008. (Tr. 20-34). Plaintiff's request for review by the Appeals Council was denied on November 26, 2008. (Tr. 15-17).

On January 26, 2009, Plaintiff filed the instant action. (Doc. #2). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. #16, 20).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d

388, 389-90 (6th Cir. 1999). Moreover, even if there is evidence favoring Plaintiff's side, the Commissioner's findings must be affirmed if supported by substantial evidence. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant still performs substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether a significant number of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

ALJ Letchworth concluded that Plaintiff has not been under a disability within the meaning of the Social Security Act since October 1, 2002 or since January 25, 2005. (Tr. 34). Plaintiff filed prior applications for disability benefits and SSI on August 29, 2002 and again on April 18 2003; these were denied initially and on reconsideration. (Tr. 23, 74-77, 80-80, 355-58, 360-63). Although in the instant applications Plaintiff also alleges an onset date of October 1, 2002, the doctrine of res judicata applies to the prior adjudicated period before January 6, 2005. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 687 (6th

Cir. 1992). Despite the application of res judicata principles, the ALJ still considered Plaintiff's complete medical history consistent with 20 C.F.R. § 416.912(d).

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 7, 2005, the date after the prior hearing decision. (Tr. 26, 400-02). At Step 2, the ALJ found that Plaintiff's degenerative joint and disc disease and residuals, status post lumbar discectomy, lumbar and cervical herniated nucleus pulposus, and depression constitute medically severe impairments. (Tr. 26). At Step 3, however, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27).

At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform the exertional requirements necessary for light work with no climbing of ladders, ropes or scaffolding or any crawling, and no more than occasional climbing of stairs, stooping, bending or crouching. (Tr. 28). Furthermore, the ALJ found that Plaintiff's impairments require a sit/stand option every 30 minutes, and preclude him from operating a motor vehicle and performing jobs that involve driving. (Tr. 28). Plaintiff is further precluded from work that involves vibrations to the back or legs, or work around unprotected heights or hazardous machinery. (Tr. 28). Plaintiff's mental impairments limit him to performing simple one to two step instructions that require no more than occasional casual interactions with other people. (Tr. 28). In making his RFC finding, the ALJ considered factors other than the objective medical evidence in assessing the severity of Plaintiff's symptoms such as: (1) the location, duration, frequency and intensity of Plaintiff's pain or other symptoms; (2) the medication Plaintiff takes to alleviate pain or other

symptoms; and (3) treatment other than medication used to relieve pain or other symptoms. (Tr. 29-30). *See* 20 C.F.R. § 416.929(c).

Based upon the RFC, the ALJ determined that Plaintiff is unable to perform any of his past relevant work as a line operator and grocery bagger. (Tr. 32). At Step 5, the ALJ considered the Plaintiff's age, education, work experience, and RFC in conjunction with the Medical-Vocational Guidelines, and concluded that there exist a significant number of jobs in the national economy Plaintiff can perform such as assembler, grader/sorter, and inspector. (Tr. 33). The ALJ, therefore, concluded Plaintiff is not disabled under the Social Security Act. (Tr. 34).

### C. Analysis

Plaintiff raises three arguments on appeal. First, he argues that the ALJ erred in failing to consider the vocational opinion of Dr. Ralph Crystal who concluded that Plaintiff would be unable to sustain work activities to complete a normal eight hour work day and a forty hour work week. Second, he argues the ALJ erred by placing more weight on the opinions of non-treating physicians than Plaintiff's treating physicians. Lastly, Plaintiff posits the ALJ failed to provide specific reasons for his finding that Plaintiff's testimony about the severity of his symptoms were "overstated" and lacked credibility to the extent they were inconsistent with the RFC assessment. The Court will address these challenges in turn.

### 1. Vocational Opinion of Dr. Ralph Crystal

Plaintiff argues the ALJ erred in failing to consider the vocational opinion of Dr. Ralph Crystal who opined Plaintiff would be unable to sustain work activities to complete

a normal eight hour work day and forty hour work week. Because the ALJ's decision is devoid of any reference of Dr. Crystal's opinion, he argues the ALJ did not properly consider Dr. Crystal's vocational assessment. To support a finding of substantial evidence, however, the Sixth Circuit does not require that the ALJ's final decision cite and discuss every opinion given in the record. *Thacker v. Comm'r of Soc. Sec.*, 99 Fed. App'x 661, 665 (6th Cir. 2004). Moreover, whether the Plaintiff is unable to work is a determination ultimately left to the ALJ, who makes a decision based on the entire medical record, not simply the opinion of one examiner. 20 C.F.R. § 404.1527(e)(1).

Here, the ALJ specifically noted that "after careful consideration of *all* the evidence...the claimant has not been under a disability within the meaning of the Social Security Act." (Tr. 24) (emphasis added). It was not the ALJ's responsibility to discuss every piece of evidence presented in Plaintiff's medical record. Rather, the ALJ was to consider the entire medical record and then explain the rationale for his findings. After careful review, the ALJ relied heavily on the opinions of Plaintiff's treating physicians in determining Plaintiff was not disabled, an approach endorsed by the Sixth Circuit. *Rogers v. Comm'r*, 486 F.3d 234, 242 (6th Cir. 2007) (opinions of treating physicians are entitled to great weight and are generally entitled to greater weight than the contrary opinions of a consulting examiner who examines the patient on a single occasion); *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992) ("the medical opinion of the treating physician is to be given substantial deference").

Dr. Crystal, a vocational expert but not a medical doctor, examined Plaintiff on a single occasion and determined Plaintiff was unable to work. (Tr. 830-40). The ALJ disagreed with Dr. Crystal's assessment after review of the entire record and relied instead on the opinions of Plaintiff's medical doctors, a finding completely within the ALJ's province. The absence of any reference to Dr. Crystal's vocational opinion in the final ALJ decision was not in error, and the ALJ's reliance on the opinions of Plaintiff's treating physicians demonstrates the decision was supported by substantial evidence.

**2. ALJ's Reliance on Opinions of Non-treating Physicians**

Plaintiff next claims that the ALJ erred "in placing more weight on the opinions of non-treating physicians, rather than [Plaintiff's] treating physicians." (Doc. #16-2). This sentence is the lone extent of Plaintiff's argument that the ALJ failed to give the proper deference to the opinions of Plaintiff's treating physicians. In failing to direct this Court's attention to which treating physicians the ALJ allegedly disregarded, or in what manner the ALJ's RFC was impermissibly inconsistent with the assessment of Plaintiff's treating physicians, Plaintiff's argument lacks the specificity required by this Court on appeal. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

Consistent with the Sixth Circuit, when a plaintiff neglects to offer any particularized argument to support his assertion, this Court will not devise arguments on Plaintiff's behalf. *Id.* Nor will the Court engage in an "open-ended" review of the entire record to try and determine which opinions, if any, the ALJ did not accord proper deference. *Id.* Accordingly, "[i]n the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician's opinions in the record to ensure that they are properly accounted for in the ALJ's decision." *Id.* In adherence to that authority, the Court will not conduct that

"open-ended" review.

### 3. Plaintiff's Subjective Pain Complaints

Lastly, Plaintiff argues the ALJ erred when he failed to provide specific reasons for finding that Plaintiff's subjective pain complaints were overstated, and therefore, lacked credibility.[1] (Tr. 29, 31). Credibility determinations related to a Plaintiff's symptoms or limitations are made by the ALJ "*as opposed to the appellate courts*." *Siebert v. Comm'r of Soc. Sec.*, 105 Fed. App'x 744, 747 (6th Cir. 2004) (emphasis in original). However, an ALJ must give reasons for rejecting a Plaintiff's testimony regarding pain. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). Where the medical evidence establishes an impairment that could reasonably be expected to cause disabling pain, an ALJ cannot rely solely on the absence of objective proof of the severity of pain as support for an adverse credibility finding. *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989).

In this case, the ALJ properly explained his adverse credibility determination regarding Plaintiff's testimony, and his finding is supported by substantial evidence. Although the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," he found that Plaintiff's testimony regarding the intensity, persistence and limiting effects of these symptoms, however, not entirely credible. Specifically, the ALJ determined that Plaintiff's allegations related to pain were "overstated," and therefore was required to provide an explanation for his finding under *Felisky*. 35 F.3d at 1036. (Tr. 31).

---

[1]It is curious that Plaintiff argues the ALJ failed to provide proper explanation for his credibility finding *immediately after* Plaintiff's conclusory, one-sentence "argument" that the ALJ failed to give proper deference to the opinions of Plaintiff's treating physicians. In stark contrast to the ALJ decision, Plaintiff did not even attempt to fully brief the issues presented for appeal.

Contrary to Plaintiff's assertion, ALJ Letchworth explained in great detail his rationale for discrediting Mr. Collins' allegations of disabling pain. The ALJ first stated that a Pain Patient Profile conducted in July 2004 reported that Plaintiff's "extreme" score on the Validity Index was higher than "95% of the pain patients in the normative sample," and therefore, the report was invalid. (Tr. 31, 522). He further noted that physical therapy notes from May, 2006, show that Plaintiff's "condition was improving." (Tr. 31). Those notes specifically indicate that Plaintiff's physical therapy sessions from March, 2005 through November, 2006, improved Plaintiff's "ability to perform routine daily activities," ability to ambulate," "interest in daily activities," and "quality of life." (Tr. 609, 611, 613, 615, 617, 619, 621, 623). Notably, the ALJ discussed Plaintiff's various pain ratings ranging from 2 to 4 out of 10, that indicated pain inconsistent with debilitating pain. (Tr. 31). The ALJ provided sufficient explanation for his adverse credibility determination concerning Plaintiff's allegations of debilitating pain. Further examples that reinforce the ALJ adequately provided an explanation for his credibility determination include: the ALJ's discussion of (1) emergency room notes from April, 2006, reflecting a full range of motion in Plaintiff's bilateral lower extremities (Tr. 722); (2) Dr. Burchett's assessment that Plaintiff ambulates with a normal gait and noted no discomfort or expression of pain at his exam (Tr. 847); and (3) treating physician, Dr. Vories, assessment of only "moderate" pain in August 2006. (Tr. 746).

The objective medical evidence conflicts with Plaintiff's testimony regarding the persistence, intensity and limiting effects of his symptoms, and the record makes clear that the ALJ's adverse credibility determination is supported by substantial evidence. Plaintiff's assertion that ALJ Lethworth did not properly provide an explanation for his adverse credibility determination is wholly unfounded given the ALJ's comprehensive discussion of

the implausibility of Plaintiff's pain allegations detailed above. Consequently, the Court defers to the ALJ's credibility determination and finds sufficient explanation was provided to support the ALJ's adverse finding. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

### III. CONCLUSION

Therefore, for the reasons stated herein, the Court concludes that the ALJ's RFC determination and his finding that the Plaintiff is not disabled are supported by substantial evidence. Accordingly,

**IT IS ORDERED as follows:**

1. The decision of the Commissioner is supported by substantial evidence and is hereby **AFFIRMED**;

2. Plaintiff's Motion for Summary Judgment (Doc. # 16) is hereby **DENIED**;

3. Defendant's Motion for Summary Judgment (Doc. # 20) is hereby **GRANTED**;

4. A judgment affirming this matter will be entered contemporaneously herewith.

This 19th day of November, 2009.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\6-09-20-CollinsMoo.wpd